UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

DEBRA M. CONKLING, O/B/O Z.J.F., )
(*a minor*) )
Soc. Sec. #XXX-XX-8877, )
)
                       Plaintiff, )   **COMPLAINT**
v. )
)   Civil Action No.
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
                      Defendant. )
-----------------------------------------------------------

    Plaintiff, Debra M. Conkling, mother of minor child Z.J.F., by her attorney, Howard D. Olinsky, alleges as follows:

    1.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a decision of the Commissioner of Social Security denying Z.J.F's application for Supplemental Security Income benefits for lack of disability.

    2.    This action is an appeal from a final administrative decision denying Z.J.F.'s claim.

    3.    This action is commenced within the appropriate time period set forth in the attached Appeals Council Notice dated September 26, 2015. (Exhibit A).

    4.    Z.J.F., whose social security number is XXX-XX-8877, resides in Whitesboro, Oneida County, New York, which is within this judicial district.

    5.    The Defendant, Carolyn W. Colvin, is the acting Commissioner of Social Security of the United States of America.

    6.    Z.J.F. is disabled.

7. The agency committed error of law by denying Appeals Council review of the decision by the Administrative Law Judge, or otherwise to deny relief that was within the authority of the Appeals Council.

8. The conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation.

WHEREFORE, Plaintiff, on behalf of Z.J.F., prays that this Court:

1. Find that the Z.J.F. is entitled to Supplemental Security Income benefits under the provisions of the Social Security Act; or

2. Remand the case for a further hearing;

3. Award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, on the grounds that the Commissioner's action in this case was not substantially justified; and

4. Order such other and further relief as the Court deems just and proper.

Respectfully submitted,

BY: *s/ Howard D. Olinsky*
Howard D. Olinsky, Esq.
Bar Roll #102297
Attorney for Plaintiff
OLINSKY LAW GROUP
One Park Place
300 S. State Street, Ste. 420
Syracuse, New York 13202
t. 315.701.5780
f: 315.701.5781
e: holinsky@windisability.com

DATED: November 22, 2016

# EXHIBIT A

**SOCIAL SECURITY ADMINISTRATION**

Refer to: TLC
    -8877

Office of Disability Adjudication
and Review
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (877) 670-2722
Date: September 26, 2016

## NOTICE OF APPEALS COUNCIL ACTION

Debra M. Conkling for
Mr.  J. F



This is about your request for review of the Administrative Law Judge's decision dated June 1, 2015.

### We Have Denied Your Request for Review

We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review.

This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.

### Rules We Applied

We applied the laws, regulations and rulings in effect as of the date we took this action.

Under our rules, we will review your case for any of the following reasons:

- The Administrative Law Judge appears to have abused his or her discretion.

- There is an error of law.

- The decision is not supported by substantial evidence.

- There is a broad policy or procedural issue that may affect the public interest.

- We receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record.



**Suspect Social Security Fraud?**
Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline
at 1-800-269-0271 (TTY 1-866-501-2101).

See Next Page



**What We Considered**

In looking at your case, we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council.

We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

**If You Disagree With Our Action**

If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.

If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.

**How to File a Civil Action**

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. The names, addresses, and jurisdictional responsibilities of these offices are published in the Federal Register (70 FR 73320, December 9, 2005), and are available on-line at the Social Security Administration's Internet site, http://policy.ssa.gov/poms.nsf/links/0203106020.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington, DC 20530.

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

See Next Page



- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

**About The Law**

The right to court review for claims under Title II (Social Security) is provided for in Section 205(g) of the Social Security Act. This section is also Section 405(g) of Title 42 of the United States Code.

The right to court review for claims under Title XVI (Supplemental Security Income) is provided for in Section 1631(c)(3) of the Social Security Act. This section is also Section 1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.

**If You Have Any Questions**

If you have any questions, you may call, write, or visit any Social Security office. If you do call or visit an office, please have this notice with you. The telephone number of the local office that serves your area is (877)405-6750. Its address is:

> Social Security
> 10 Broad Street
> Federal Building
> Utica, NY 13501-1294

/s/ *Colleen Naseem*
Colleen Naseem
Appeals Officer

Enclosure: Order of Appeals Council

cc: Howard Olinsky
   300 South State Street
   Suite 420
   Syracuse, NY 13202



Social Security Administration
OFFICE OF DISABILITY ADJUDICATION AND REVIEW

## ORDER OF APPEALS COUNCIL

| IN THE CASE OF | CLAIM FOR |
|---|---|
| Z█████ J. F█████ (Claimant) | Supplemental Security Income |
| (Wage Earner) | █████8877 (Social Security Number) |

The Appeals Council has received additional evidence which it is making part of the record. That evidence consists of the following exhibits:

Exhibit B21E     Letter dated September 10, 2015, from Howard Olinsky, Esq. (5 pages)

Date: September 26, 2016

